**ORIGINAL**

**FILED**
APR 29 2015
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

1  Jeff S. Yanuck, SBN 169441
2  15233 Ventura Blvd, Suite 1200
   Sherman Oaks, CA 91403
3  Telephone: (310) 918.4343
   Facsimile: (818) 995-4031
4  E-mail: jeffyanuckca@gmail.com

6  Counsel to Debtor
   *Maxim Law, LLC*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

In re:

Maxim Law, LLC,, a corporation,

         Debtor

Case No. 1:15-bk-11127-MT

**Chapter 7 Proceeding**

**MOTION FOR AN ORDER TO SHOW CAUSE WHY LOAN SERVICING, LLC SHOULD NOT BE FOUND IN CONTEMPT FOR WILLFULLY VIOLATING THE AUTOMATIC STAY AND WHY DAMAGES SHOULD NOT BE AWARDED; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ADOLFO RUIZ SUPPORT THEREOF; REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF**

[Local Bankruptcy Rule 9020-1]

Date: [Hearing To Be Set]
Time: [Hearing To Be Set]
Place: Courtroom 302
       21041 Burbank Boulevard
       Woodland Hills, CA
Judge: Hon. Maureen Tighe

*Jeff S Yanuck*
*15233 Ventura Blvd, Suite 1200*
*Sherman Oaks, CA 91403*

1

**TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Maxim Law, LLC (the "Debtor") and by and through its counsel of record, hereby submit its Motion (the "Motion") For An Order To Show Cause why MTC Financial Inc. Dba Trustee Corps ("Trustee Corps") should not be found in contempt for violating the automatic stay, and why damages should not be awarded to the Debtor for Trustee Corps' willful violation of the automatic stay, the co-debtor stay, and orders of the Court. The Motion is based on the attached Memorandum of Points and Authorities, the Declarations of Adolfo Ruiz, further evidence to be provided related to this contested matter, and statements made by counsel at the time of the hearing.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9020-1(b), the responding parties shall have 7 days to object to the issuance of the Order to Show Cause. If no responsive pleadings to the motion for Order to Show Cause are filed within 7 days, the Court may conclude that there is no objection to the issuance of the Order to Show Cause.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rules 9020-1(d)(2) and (d)(3), no hearing on the motion for issuance of the Order to Show Cause will be held unless the court so orders. If the motion for Order to Show Cause is granted without a hearing, the Court will issue and forward to the moving party the Order to Show Cause setting the date and time of the contempt hearing.

Dated: April 24, 2015

Respectfully Submitted,

By: *Jeff S. Yanuck*

Jeff S. Yanuck (SBN 255747)
Counsel to Debtor
*Maxim Law, LLC*

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

The Debtor filed its chapter 7 bankruptcy case on April 1, 2015 to Refinance its Real Property and pay the secured creditors.

A sale was scheduled for April 2, 2015 and Trustee Corps was notified by phone and by fax numerous times.

Trustee Corps. Recognizing the Bankruptcy, informed the Debtor that the Bankruptcy information was "now in the computer" and the sale was postponed for a week.

Despite the acknowledgement of the Bankruptcy, Trustee Sale continued with the sale the next week and Debtor was informed by the renters that a Notice of Change of Ownership was posted on the property's gate on 4/16/2015.

When the alleged "New Owner" of the Property was notified of the Bankruptcy on 4/17/2015, they assured Debtor that the Sale would be rescinded immediately.

Trustee Corps, however, when requested to rescind the Sale, in light of the violation of the Stay, flatly refused.

Trustee Corps has brazenly violated the automatic stay,

Based on Trustee Corps' violations, the Debtor has been significantly damaged. The Debtor has been lost promised financing of the property, directly and proximately caused by Trustee Corps' actions. The Court should award actual damages, consequential damages, attorneys' fees, and punitive damages that have resulted from Trustee Corps' violation of the Stay, and Trustee Corps' contemptuous disregard of the Federal Law.

### II.

### FACTUAL BACKGROUND

On April 1, 2015 (the "Petition Date"), the Debtor commenced its case ("Bankruptcy Case") by filing a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

3

1. MTC Financial Inc. ("Trustee Corps") is the purported successor-in-interest and/or servicer to both the senior lien, and the junior lien encumbering Debtor's property at 1515 South Orange Drive, Los Angeles, CA 90019 ("Real Property"). Real Property is 100% owned, and thus, property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. Section 541.

2. On April 2, 2015 a sale of said Real Property was scheduled. Debtor notified Trustee Corps about the Bankruptcy by phone and numerous faxes. Trustee Corps acknowledged the bankruptcy, assured the Debtor that the case number was "in the computer" and informed Debtor that the sale would be continued for a week.

3. Debtor continued to comply with the Court requirements, finishing everything within required scheduled times.

4. Trustee Corps, however, in willful violation of the Stay, sold the property to B2A Properties LLC on April 16, 2015.

5. On April 17, 2015, B2A Properties LLC posted a Notice of change of ownership on the gate at the Property and the renters informed Debtor.

6. When notified of the Bankruptcy and Automatic Stay, the new owner's agent was surprised and assured the Debtor that the sale would be rescinded.

7. However, when this subject was discussed with the Trustee Corps, the agent flatly refused to rescind the sale and told Debtor to quote "Deal with the Judge, or Get Out".

8. The Debtor has been significantly damaged by trustee Corps' willful behavior in violation of the Stay and contumacious disregard for the Bankruptcy Rules. As a direct and proximate cause of Trustee Corps' actions, the Debtor has been unable to obtain promised financing for the real property located at 1515 S Orange Drive, Los Angeles, CA 90019 ("Property"), Attorney fees have been incurred, the renters have expressed concern and other consequential damage from Trustee Corps' behavior have arisen, in an amount to be proven at subsequent damage proceedings.

9. Finally, the Debtor has had to retain counsel to bring this Motion to seek damages, and to prevent further violations of the orders of this Court and further damage to the estate. While this request only seeks relief to vindicate Trustee Corps' violation of the automatic stay, reservation of rights is made to redress Trustee Corps' violation of the Fair Debt Collection Practices Act

("FDCPA"), Fair Credit Reporting Act ("FRCP"), and any other relevant state or federal statute Trustee Corps may have violated.

Debtor has sent numerous requests to Trustee Corps, *in pro se*, in an attempt to resolve the dispute without court intervention. Trustee Corps refused to resolve the dispute with the Debtor.

Based on this conduct as set forth herein, and as set forth in more detail below, the Debtor submits that the Court should enter the Order to Show Cause re Contempt, which has been served and lodged concurrently herewith.

Trustee Corps has ample notice of the Bankruptcy Case, has violated the automatic stay and continues to do so with impunity.

## III.

## ARGUMENT

### A. Trustee Corps Has Violated 11 U.S.C. §§ 362(a)(6) and 1301

11 U.S.C. § 362(a)(6) operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." Pursuant to 11 U.S.C. § 1301(a), "...a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor...." The automatic stay "imposes an affirmative duty [on creditors] to discontinue post-petition collection actions." *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1216 (9th Cir. 2002). A violation of the stay is willful if the creditor knew of the automatic stay and intentionally performed the actions that violated the stay. *In re Edwards*, 214 B.R. 613, 619-20 (9th Cir. B.A.P. 1997). Neither a good faith belief that the creditor had a right to the property nor good faith reliance on counsel is relevant. *Id. See also In re Bloom*, 875 F.2d 224, 227 (9th Cir. 1989). It is beyond cavil, that Trustee Corps knew of the automatic stay in effect in this case.

In the 9th Circuit, the automatic stay applies to "any type of informal action" taken by a creditor. *Delpit v. Commissioner*, 18 F.3d 768, 771 (9th Cir. 1994) (internal citations omitted) ("Section 362 is extremely broad in scope and should apply to almost any type of formal or informal action against the debtor or the property of the estate."). According to the 9th Circuit, the automatic stay also prevents <u>all</u> harassment, and functions as a way to prevent parties from "all collection

efforts, **all harassment**, and all foreclosure actions." *Id.* (emphasis added). For all this reason, Trustee Corps should be held in contempt of court.

### B. Trustee Corps Has Violated The Automatic Stay By continuing the Foreclosure after receiving Notice of the Bankruptcy Case

"Bankruptcy jurisdiction," the Supreme Court recently has observed, "at its core, is *in rem*." *Cent. Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 362 (2006). This jurisdiction takes hold upon the filing of a petition with the Bankruptcy Court that creates an estate comprising, with certain exceptions, all of the debtor's legal and equitable interests in property "wherever located and by whomever held." 11 U.S.C. § 541(a). And such jurisdiction is exclusive. The court "in which the bankruptcy case is commenced obtains exclusive *in rem* jurisdiction over all the property of the estate." *Hong Kong & Shanghai Banking Corp. v. Simon (In re Simon)*, 153 F.3d 991, 996 (9th Cir. 1998), *cert. denied*, 525 U.S. 1141 (1999); *see* 28 U.S.C. § 1334(e)(1). All property of the estate is, in effect, a legal *res* that is in *custodia legis* and, therefore, subject to the Bankruptcy Court's jurisdiction; the Bankruptcy Court is charged with the protection of this *res*, wherever in the world it may be located, for the benefit and fair administration of the bankruptcy estate. *See In re Simon*, 153 F.3d at 998.

### C. Trustee Corps' Conduct Is An Act Of Contempt In Violation Of The Stay

To find a willful Stay violation, the bankruptcy court must conclude that the creditor knew of the bankruptcy filing and intended the actions that violated the stay. *Knupfer v Lindblade (in re Dyer)*, 322 F.3d 1178, 1191 (9th Cir, 2003) (citing *Pinkstaff v United States (in re Pinkstaff)*, 974 F. 2d 113, 115 (9th Cir, 1992)). Here it is clear they knew of the stay. They postponed the sale once and acknowledged multiple times that it was "in the computer".

In the event of a willful stay violation, a party injured thereby "Shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

### D. Trustee Corps' Continuing Conduct Is An Act of Contempt

Even a non-willful stay violation becomes willful if the creditor fails to remedy the violation after receiving notice of the stay. See *Eskanos & Adler, P.C.*, 309 F. 3d at 1213 (section 362(a) imposes an affirmative duty to cease actions); *Goodrich v. Union Planters Mortg. (in re Goodrich)*,

196 Fed. App'x 586, 587 (9th Cir, 2006) (foreclosing lender has a duty to promptly rescind a trustee's deed of sale upon learning of the pre-sale bankruptcy filing).

Not only did Trustee Corps knowingly foreclose after having stayed the sale on account of the bankruptcy, but when requested to rescind, adamantly refused to do so. Having failed to do so, Trustee Corps cannot now flout the Bankruptcy Code to further enrich itself. The Motion should be granted.

### E. Trustee Corps' Conduct Is An Act Of Contempt In Violation Of The Bankruptcy Code

Pursuant to 11 U.S.C. § 105(a), a bankruptcy court may use civil contempt sanctions to enforce its orders. *In re Skinner*, 917 F.2d 444, 447 (10th Cir. 1990); *In re Walters*, 868 F.2d 665, 669 (4th Cir.1989); *In re Seal*, 192 B.R. 442, 455 (Bankr. W.D. Mich. 1996); *In the Matter of Sielaff*, 164 B.R. 560, 568 (Bankr. W.D. Mich. 1994). A court may award damages under §362(k) or § 105 for the same violation. *Jove Engineering*, 92 F.3d at 1559 ("Regardingautomatic stay violations, the Bankruptcy Code provides two relevant, independent sources forawarding attorney fees, § 105(a) (discretionary) and § 362(h) (mandatory)."); *In re Seal*, 192B.R. 442, 455 (Bankr. W.D. Mich. 1996) ("The court will utilize both its civil contempt powerand 11 U.S.C. § 362 (h) to remedy this situation."); *In re A and C Elec. Co., Inc.*, 188 B.R. 975,981 (Bankr. N.D. Ill. 1995) ("Either a finding of civil contempt or violation under § 362(h), orboth, may be appropriate should a willful and intentional violation of the automatic staycontinue.").

Here, the Bankruptcy Court issued a Stay which was ignored. For disobeying the Stay Order, Trustee Corps should be held in contempt of Court.

### E. The Sale should be Immediately Rescinded

Acts in violation of the automatic stay are void. *See In re Gruntz*, 202 F.3d 1074, 1081-82 (9th Cir. 2000); *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 586 (9th Cir. 1993); *In re Schwartz*, 9454 F.2d 569,571-72 (9th Cir. 1992). An Order to rescind the sale should be issued forthwith.

IV.

# DAMAGES SHOULD BE AWARDED IN AN AMOUNT PROVEN AT SUBSEQUENT HEARING

The automatic stay is considered the equivalent of a court order, and violation of the stay is punishable as contempt of court. *See e.g. In re Dyer*, 322 F.3d 1178 (9th Cir. 2003). A party is in civil contempt if it "violated a specific and definite order of the court." *Id.* at 1191. In addition, Section 362(k) of the Bankruptcy Code provides an independent ground to award sanctions based upon a violation of the automatic stay. Upon a finding of a willful violation, an award of actual damages, costs, and where appropriate attorney's fees is mandatory. *Eskanos & Adler, P.C. v. Roman (In re Roman)*, 283 B.R. 1, 7 (9th Cir. B.A.P. 2002), *affirmed*; *Ramirez v. Fuselier (In re Ramirez)*, 183 B.R. 583, 589 (9th Cir. B.A.P. 1995) ("The words 'shall recover' indicate that Congress intended that the award of actual damages, costs, and attorney's fees be mandatory upon the finding of a willful violation of the stay."). The moving party need not establish intent. *Roman, Id.* at 8.

Punitive damages may also be granted if the movant can show the violation was not simple. *Bloom*, 875 F.2d at 228 *citing Protectus Alpha Navigation Co. v. North Pacific Grain Growers, Inc.* 767 F.2d 1379, 1385 (9th Cir. 1985); *In re Atlantic Business & Community Corp.*, 901 F.2d 325 (3d Cir. 1990). Where the willful violation is committed in bad faith, punitive damages are appropriate. *Atlantic Business*, 901 F.2d at 329; *In re Seward*, 338 B.R. 654, 661 (Bankr. D. N.J. 2005). Punitive damages are especially appropriate when a party has acted in "arrogant defiance" of the Bankruptcy Code. *In re Medlin*, 201 B.R. 188 (Bankr. E.D. Tenn. 1996) (cited in *In re Curtis*, 322 B.R. 470, 487 (Bankr. D. Mass. 2005)).

Four factors are considered when determining whether to award punitive damages and, if so, in what amount: (1) the respondent's conduct; (2) his motives; (3) any provocation by the debtor; and (4) the respondent's ability to pay. *In re B. Cohen & Sons Caterers, Inc.*, 108 B.R. 482, 487 (E.D. Pa.1989); *In re Patterson*, 263 B.R. at 97; *see also In re Aponte*, 82 B.R. 738, 745 (Bankr. E.D. Pa. 1988) (court must consider both the wrongdoer's act and his motive); *In re Wagner*, 74 B.R. 898, 905 (Bankr. E.D. Pa.1987) (court must consider the nature of the conduct

1 and the ability to pay). Punitive damages should be awarded in an amount sufficient to serve their purpose of deterrence. *See In re Klein,* 226 B.R. 542 (Bankr. D.N.J. 1998); *In re Georgeff,* 226 B.R. 852 (Bankr. S.D. Ohio 1998); *In re Wills,* 226 B.R. 369 (Bankr. E.D. Va. 1998).

Trustee Corps' violation is egregious, particularly given Trustee Corps' complete lack of cooperation, Trustee Corps' dismissive and condescending attitude, and its continued disregard for the automatic stay. Trustee Corps had ample time to seek relief or leave of Court if it believed its conduct was permissible. Trustee Corps' motives are to procure a sale no matter what, thus attempting to unilaterally enervate the rights Title 11 affords Debtors Debtor did not provoke this behavior. It respectfully approached the situation with an eye towards resolution, but was responded to by a recalcitrant creditor. There is no question Trustee Corps is able and equipped to pay punitive damages and Trustee Corps' charges should be based on its approach to this case, and its approach to other bankruptcy cases in this jurisdiction and in others.

Finally, the Debtor has been damaged by Trustee Corps' conduct in that it has lost an economic opportunity. Consequential damages are also compensable. *In re Bertuccio,* 414 B.R. 604, 622-23 (Bankr. N.D. Cal. 2009). Maxim Law LLC has been significantly damaged by Trustee Corps' conduct.

The Debtor request the Courts establish liability at the initial hearing, and set a further hearing to assess actual damages.

V.

## CONCLUSION

For the reasons set forth above, the Debtor respectfully requests that the Court enter an order:

1. Finding TRUSTEE CORPS took action in violation of the automatic stay;

2. Finding that Trustee Corps' acts are void and finding that TRUSTEE CORPS shall be restrained and enjoined from taking further action against Debtor without relief from stay;

3. Finding that TRUSTEE CORPS is in civil contempt of the automatic stay, the co-debtor stay, the Confirmation Order and the Valuation Order;

4. Finding that TRUSTEE CORPS violated Section 362(h) of the Bankruptcy Code;

5. Compelling TRUSTEE CORPS to pay to the Debtor, as a monetary sanction, all

attorneys' fees and costs incurred by the Debtor in responding to the crisis, including but not limited to fees and costs incurred in preparing the instant motion and attending the hearing thereon, which fees and costs will be set forth in a subsequent declaration filed by the Debtor, punitive damages, consequential damages based upon among other things Debtor's inability to refinance Property, and any other damage allowed under law or by equity of this Court.

Respectfully Submitted,

Dated: April 24, 2015

By: *Jeff S Yanuck*
Jeff S. Yanuck (SBN 255747)
Counsel to Debtor and Co-Debtor
*Maxim Law, LLC* and *John Christian Johnson*

## DECLARATION OF ADOLFO RUIZ

I, Adolfo Ruiz, declare and state as follows:

1. I am over the age of eighteen years, and if called upon to testify I could and would do so competently. I have personal knowledge of the facts set forth herein, and based on that personal knowledge, I assert that all such facts are true and correct to the best of my knowledge. To the extent I base my testimony upon information and belief or upon admissible evidence other than my personal knowledge, I will specifically so state.

2. I represent Maxim Law, LLC. On April 1, 2015 (the "Petition Date"), I commenced the case ("Bankruptcy Case") by filing a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

3. Trustee Corps Loan Servicing, LLP ("Trustee Corps") is the purported successor-in-interest to both the senior lien, and the junior lien encumbering real property located at 1515 S Orange Drive, Los Angeles, CA 90019 ("Real Property"). Real Property is 100% owned, and thus, property of the bankruptcy estate in the case. On April 1, 2015 I notified Trustee Corps by phone, and numerous times by fax of the filing.

4. Trustee Corps acknowledged the filing and said it was "in the computer". They canceled the sale and informed me that it was continued:"for a week".

5. On April 17, we received a call from the renters that a Notice of Change of Ownership has been posted on the property saying a sale had taken place on April 16th.

6. When informed of the Bankruptcy filing and the Stay, the agent for the alleged "New Owners" said that. Of course, the sale would be rescinded.

7. However, subsequent discussion with Jose Arriaga, at Trustee Corps said that they had no intention of doing so. Based on this conduct as set forth in the Motion, the Court should enter the Order to Show Cause re Contempt.

9. Trustee Corps has had ample notice of the Bankruptcy Case, has violated the automatic stay, and continues to do so.

10. The Debtor has suffered significant damages based on Trustee Corps' conduct. First, Trustee Corps' actions have prevented the Debtor from obtaining a refinance the Property. 11.

I declare under penalty of perjury of the Laws of the United States that the foregoing is true and correct.

EXECUTED THIS 24th Day of APRIL. 2015, AT SHERMAN OAKS, CALIFORNIA.

*Adolfo Ruiz* (signature)

Adolfo Ruiz for Maxim Law, LLC

Jeff S Yanuck
15233 Ventura Blvd, Suite 1200
Sherman Oaks, CA 91403

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, Maxim Law, LLC requests that the Court take judicial notice of all of the following items:

1.   A true and correct copy of the Notice of Change of Ownership attached to the Property on April 17, attached hereto as Exhibit "A".

Respectfully Submitted,

Dated: April 24, 2015

By: *Jeff S. Yanuck*
Jeff S. Yanuck (SBN 255747)
Counsel to Debtor and Co-Debtor
*Maxim Law, LLC* and *John Christian Johnson*

Jeff S Yanuck
15233 Ventura Blvd, Suite 1200
Sherman Oaks, CA 91403

| In re:<br>Maxim Law, LLC<br>Debtor(s). | CHAPTER: 13<br>CASE NUMBER: 1:15-bk-11128-MTGM |
|---|---|

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 15233 Ventura Blvd, Suite 1200, Sherman Oaks, CA 91403. The foregoing document described as: **MOTION FOR AN ORDER TO SHOW CAUSE WHY TRUSTEE CORPS LOAN SERVICING, LLC SHOULD NOT BE FOUND IN CONTEMPT FOR WILLFULLY VIOLATING THE AUTOMATIC STAY AND WHY DAMAGES SHOULD NOT BE AWARDED; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ADOLFO RUIZ IN SUPPORT THEREOF; REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 24, 2015 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Jeff S. Yanuck on behalf of Debtor Maxim Law, LLC

Amy Goldman Chapter 7 Trustee
Gabriella.garcia@Lewisbrisbois.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On April 24, 2015, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Trustee Corps
17100 Gillette Ave,
Irvine, CA 92614

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 10, 2013** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

PERSONAL DELIVERY
Judge's Copy
Honorable Maureen Tighe
United States Bankruptcy Court, Central District of California 21041 Burbank Blvd. Suite 302
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

April 24, 2015        Romel Bowens        /s/ Romel Bowens
                      Signature

14

## Strategic Acquisitions, Inc.

PO Box 517   •   Agoura Hills, California 91376   •   (818) 769-7880   •   Fax: (818) 769-7959

Date: 04-17-2015

To: CURRENT OCCUPANTS

RE: LETTER OF NEW OWNERSHIP 15155 ORANGE DR. L.A

Please be advised that B2A PROPERTIES LLC purchased

the above-described property on APRIL 16 2015.

We would like to obtain possession of the property as soon as possible, and also wish to make the transition as orderly and stress free for you and your family as well. We believe that cooperation, rather than litigation, is in the best interests of all parties involved. We would like to try to propose a "cash for keys" arrangement whereby you are provided with both additional time and financial relocation assistance in exchange for your cooperation.

Please contact me by telephone at
818 769-7880 ext. 143, cell 818/738-3516 or by email at
Vivian@strategicla.com.

IF YOU ARE A TENANT DO NOT CONTINUE TO PAY RENT TO THE PREVIOUS OWNER.

You are urged to contact me within 3 days from the date on this letter. If not, we will assume that you are not interested in cooperating and will have no other alternative but to pursue legal action against you.

Thank you for your courtesy and cooperation.

Regards,

Vivian Torres

# 24 HOUR NOTICE TO ENTER DWELLING UNIT
## (CC 1954)

To: __Occupants__

Pursuant to California Civil Code Section 1954, Owner does hereby give notice to access and enter dwelling located at: __1515 S Orange Dr L.A._____, California.

The owner, owner's agent or owner's employees will enter said premises on __4-21-15__, during normal business hours between __3:00__ (AM/**PM**) and __5:00__ (AM/**PM**) for the reason set forth in the checked numbered item below:

- ☐ 1. To make necessary or agreed repairs
- ☐ 2. Periodic property inspection.
- ☐ 3. Alterations or Improvements
- ☐ 4. Supply necessary or agreed services
- ☐ 5. To exhibit the dwelling unit to prospective or actual mortgagees
- ☐ 6. To exhibit the dwelling unit to prospective tenants
- ☒ 7. To exhibit the dwelling unit to real estate or other agents of the owner
- ☐ 8. To exhibit the dwelling unit to workmen or contractors
- ☐ 9. Pursuant to Court Order
- ☐ 10. To determine if the premises have been abandoned

Please make all necessary arrangements to be home on this date and time.

I, the undersigned, declare that I served this notice, of which this is a true copy, on the above-mentioned Occupant in possession, in the manner indicated below:

☐ BY DELIVERING the notice personally to the Occupant or to someone of suitable age and discretion at the premises at least 24 hours prior to the intended entry, or at least 48 hours prior to entry in the case of an initial inspection prior to terminating the tenancy as required by Civil Code Section 1950.5(f).

☒ BY LEAVING a copy of the notice at, near, or under the usual entry door of the premises at least 24 hours prior to the intended entry in a manner in which a reasonable person would discover the notice, or at least 48 hours prior to entry in the case of an initial inspection prior to terminating the tenancy as required by Civil Code Section 1950.5(1).

☐ BY MAILING a copy of the notice addressed to the Occupant at least 6 days prior to intended entry.

Owner/Manager: __Vivian Torres (818) 7383516__
Date: __04-17-2015__

818 769-1880 Ext 143

**STRATEGIC PROPERTY MANAGEMENT**
PO BOX 610
AGOURA HILLS, CA 91376
~~855-780-7368~~    help@strategicpmi.com

PAGE 1 - TENANT COPY (POSTED and/or MAILED)        PAGE 2 - OFFICE COPY